[No. 5170.]
[No. 2771 C. A.]

GOAD v. NEVITT ET AL.

**Appellate Practice—Findings Based on Conflicting Evidence Not Disturbed on Appeal.**

The finding of a trial court based on conflicting evidence will not be disturbed on appeal where there is sufficient competent evidence to support it.—P. 325.

*Appeal from the District Court of Rio Grande*
*County.*
*Hon. Jesse G. Northcutt, Judge.*

Action by John F. Goad against Zula T. Nevitt
and John Nevitt.   From a judgment for defendants,
plaintiff appeals.                         *Affirmed.*

Mr. JESSE STEPHENSON, for appellant.

Mr. GEORGE T. SUMNER, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of
the court:

August 14, 1899, appellant, by a contract in writ-
ing, sold to appellee Zula T. Nevitt a printing out-
fit and two newspapers, together with the good will
and business of such papers, the consideration ex-
pressed was $600.00; $400.00 cash and a note for
$200.00 signed by appellees, payable in one year.

The contract contained the following, among
other stipulations:

"And in consideration of the above mentioned
sum of money, this day to me in hand paid, I hereby
agree to pay to said Zula T. Nevitt one hundred
dollars per month, as a forfeiture for each and every
month after the first day of January, A. D. 1900,
that I fail to deliver to said Zula T. Nevitt full, quiet,
peaceable and undisputed possession of said prop-
erty *and said newspaper business.*"

The complaint stated two causes of action:
First, upon the promissory note for $200.00 signed
by appellees; and second, to recover the agreed price
of $35.35 for certain personal property sold and de-
livered to the defendants at their special instance
and request.

The answers of defendants, which were sepa-
rate, set forth several defenses.   As a second de-

fense both defendants pleaded the failure of the consideration for the note sued on.

Defendant Zula T. Nevitt also pleaded certain counter-claims and a set-off. The counter-claims were disallowed by the court. It is therefore unnecessary to state them here.

The trial was to the court without a jury. The findings of the court were, *inter alia:*

"Now there was another item involving a claim for thirty-five dollars. I believe the testimony shows that this claim should have been $27.37 for goods sold and delivered. Those goods were received. I don't understand there is any question about that, and, of course, should be paid for; but the defendants have an off-set which is clearly proven to my mind: first, of $2.50, which the plaintiff admits to be correct, and of $40.00, which the testimony to my mind shows the defendants clearly entitled to, making a total of $42.50 to which they are entitled. * * *

"We shall allow defendants upon their claim of $42.50. We shall allow the plaintiff his claim of $27.37, which leaves a balance, I believe, of $15.13 in the defendant Zula T. Nevitt's behalf here, for which judgment will be rendered. The action of the plaintiff will be denied on his promissory note, as we regard the consideration as having wholly failed."

Judgment went accordingly, from which this appeal.

Counsel for appellant does not question the findings and judgment of the court upon the second cause of action stated in the complaint or set-off pleaded in the answer. The evidence adduced as to appellees' second defense is conflicting. There was sufficient competent evidence to sustain the second defense.

Under the well-settled rule of this court the judgment cannot be disturbed and will be affirmed.

*Affirmed.*

Chief Justice Steele and Mr. Justice Caswell concurring.